IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| JEFFERY D. HACKWORTH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 6:13-cv-03363-MDH |
| | ) | |
| KANSAS CITY VETERANS ADMINISTRATION MEDICAL CENTER, et al. | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendants' Motion to Dismiss (Doc. 56). Defendants argue that Plaintiff's Amended Complaint (Doc. 23) should be dismissed for lack of subject matter jurisdiction and failure to state a claim. The Court, after careful consideration, **GRANTS** Defendants' motion (Doc. 56). In light of Plaintiff's *pro se* status, the Court affords Plaintiff leave to amend his complaint within thirty (30) days, should he choose to do so, in order to address the deficiencies of his Amended Complaint.

## BACKGROUND

On November 1, 2013, the Court granted Plaintiff Jeffery D. Hackworth leave to proceed with the present case in forma pauperis and Plaintiff filed his complaint. On April 23, 2014, the Court issued an order responding to numerous pre-service motions filed by Plaintiff. Within its order, the Court denied Plaintiff's request for a public defender, granted Plaintiff's request for service via United States marshal, granted Plaintiff leave to file an amended complaint, and dismissed Plaintiff's other motions without prejudice until Plaintiff obtained proper service upon Defendants. Plaintiff filed an amended complaint and subsequently obtained service upon

Defendants in September of 2014. Prior to Defendants' answer, Plaintiff filed various other motions. In response to the amended complaint, Defendants filed a motion to dismiss.

Plaintiff's Amended Complaint attempts to state a claim against the following defendants: Kansas City Veterans Administration Medical Center ("KCVAMC"); Kent D. Hill, Director; Kevin Q. Inkley, Assistant Director; James E. Sanders, Chief of Staff; Michael C. Moore, PhD, Assistant Director; John/Jane Does 1-100 of KCVAMC in their official capacity and individual capacity; Department of the Treasury; Jacob J. Lew, Secretary of the Treasury; Neal Wolin, Deputy Secretary of the Treasury; Mark A. Patterson, Chief of Staff to Secretary of the Treasury; and Jane/Jane Does 1-100 of the Department of the Treasury, in their official capacity and individual capacity.

The Amended Complaint alleges that the above-named Defendants "unlawfully seized funds" from Plaintiff on two separate occasions "without due process." Pl.'s Am. Compl. 1. Plaintiff alleges that Defendants KCVAMC and the Department of Treasury "conspired and violated constitutional law by unlawfully seizing funds" and that Defendant employees of KCVAMC and the Department of Treasury "failed to uphold their oath of office (5 USC [sic] § 3331) by refusing due process in court of law according to U.S. constitutional law." Pl.'s Am. Compl. 1-2. Plaintiff requests relief under 42 U.S.C. § 1983 in an amount exceeding two billion dollars and "demands the removal of any credit report concerning this complaint." Pl.'s Am. Compl. 2.

## ANALYSIS

Defendants argue that the Court should dismiss Plaintiff's Amended Complaint because the Court lacks subject matter jurisdiction and because Plaintiff failed to state a claim upon which relief can be granted. In order to survive Defendants' Motion to Dismiss, Plaintiff's

2

Amended Complaint must show that the Court has subject matter jurisdiction, that sovereign immunity does not bar his claim, and present sufficient factual matter to create a reasonable inference that Defendants are liable for the misconduct alleged. The Court agrees with Defendants and dismisses Plaintiff's Amended Complaint.

## I. Subject Matter Jurisdiction

Because jurisdiction is a threshold issue, the Court must first consider Defendant's argument that the Court lacks subject matter jurisdiction. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998) ("The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'").

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). Sovereign immunity is jurisdictional in nature and, as a prerequisite to suing the federal government or its agencies, a plaintiff must show that the government has consented to suit. *See United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."). The government's waiver of sovereign immunity must be "unequivocally expressed" and "strictly construed, in terms of its scope, in favor of the sovereign." *Lane v. Pena*, 518 U.S. 187, 192 (1996).

Here, the Amended Complaint does not include a jurisdictional statement as required by Rule 8(a) of the Federal Rules of Civil Procedure. Moreover, Plaintiff failed to allege when and how the federal government waived its sovereign immunity over Plaintiff's claims.[1] While

---

[1] The Court rejects Plaintiff's argument that sovereign immunity is unconstitutional. Doc. 57.

Plaintiff cited 42 U.S.C. § 1983, which the Court liberally construes to assert a *Bivens* claim,[2] such actions do not apply to or waive the sovereign immunity of federal agencies or federal officials acting in their official capacity. *Buford v. Runyon*, 160 F.3d 1199, 1203 (8th Cir. 1998) (noting a suit against a government official in his official capacity is treated as a suit against the agency and noting *Bivens* actions "cannot be prosecuted against the United States and its agencies because of sovereign immunity."). Accordingly, Plaintiff failed to establish the Court's subject matter jurisdiction over the claims presented against various federal agencies and officials acting in their official capacity.[3] Therefore, claims as to those Defendants are dismissed.[4]

## II. Failure to State a Claim

"To survive a motion to dismiss [under 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is facially plausible where its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plaintiff must plead facts that show more than a mere speculation or possibility that the defendant acted unlawfully. *Id.*; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

---

[2] A *Bivens* claim is a cause of action brought directly under the United States Constitution against a federal official acting in his or her individual capacity for violations of constitutionally protected rights. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). "An action under Bivens is almost identical to an action under section 1983, except that the former is maintained against federal officials while the latter is against state officials." *Christian v. Crawford*, 907 F.2d 808, 810 (8th Cir. 1990). Here, Plaintiff sued federal officials and not state officials; therefore, a claim under section 1983 would be inappropriate.

[3] Considering Plaintiff's "Declaration and demand for clarification" (Doc. 29), the Court rejects Defendant's argument that Plaintiff was ambiguous as to the capacity in which he intended to sue the government officials.

[4] The Court notes that there are various waivers of the federal government's sovereign immunity; however, none appear to apply to the case as pleaded. Plaintiff brings a civil claim against federal agencies alleging violations of due process and seeking monetary damages. Under the FTCA, constitutional tort claims are not cognizable. *F.D.I.C. v. Meyer*, 510 U.S. 471, 478 (1994). The APA waives sovereign immunity for certain actions against the government but only for claims "seeking relief other that money damages." 5 U.S.C. § 702. Additionally, Plaintiff brings a monetary claim for more than $10,000 and jurisdiction over "Big Tucker" claims is vested in the Court of Federal Claims. *See* 28 U.S.C. § 1491.

555 (2007). While the Court accepts the complaint's factual allegations as true, it is not required to accept the plaintiff's legal conclusions. *Ashcroft*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* While "pro se complaints are to be construed liberally," the Court "will not supply additional facts, nor will [it] construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004), *quoting Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted. The factual allegations contained in the Amended Complaint state only that Defendants "unlawfully seized funds" on two separate occasions. Plaintiff does not otherwise detail the circumstances of the seizure or allege how Defendants acted unlawfully and in violation of due process. While the Court accepts Plaintiff's factual allegations as true, it cannot accept Plaintiff's mere conclusory statements and/or legal conclusions. The allegations within the Amended Complaint show only that Defendants seized funds from Plaintiff on two separate dates. These facts alone do not allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. As stated above, the Court cannot "supply additional facts" or "construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Stone*, 364 F.3d at 914.

A court considering a motion to dismiss under 12(b)(6) can review not only the complaint itself but also "some materials that are part of the public record or do not contradict the complaint," including "items appearing in the record of the case." *See Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 931 (8th Cir. 2012) (considering record created as a result

5

of Plaintiff's various motions for temporary restraining order, preliminary injunction, and expedited discovery).

Here, Plaintiff's various filings and attachments thereto include supplemental factual allegations. For example, Plaintiff alleges that Defendants seized funds from Plaintiff's Social Security Disability benefits under the authority of 31 U.S.C. § 3716. Doc. 20. The exhibits attached to Plaintiff's filings show that Plaintiff's direct deposit of social security benefits was "offset" by the Department of Treasury in the amount of $119.58 on September 3, 2013 (Doc. 20), $76.48 on April 3, 2014 (Doc. 21), and $41.36 on October 3, 2014 (Doc. 53). A letter from the Department of Treasury submitted by Plaintiff indicates that the Department offset Plaintiff's benefits in order to pay Plaintiff's purportedly delinquent debt to KCVAMC. Doc. 20. Other documents attached as exhibits to Plaintiff's various filings show that Plaintiff sent a letter to KCVAMC on January 5, 2013, disputing certain charges in his statement; that Plaintiff received two letters from the Department of Treasury, dated July 3, 2013 and August 27, 2013, warning Plaintiff that his federal benefits may be reduced because of a delinquent agency debt; and that Plaintiff received two response letters from the Department of Treasury dated August 6, 2013 and August 27, 2013, indicating that the Department of Veterans Affairs certified Plaintiff's debt and informing Plaintiff to contact KCVAMC to dispute the debt. Doc. 20.

Accepting the foregoing supplemental facts as true, the Court remains unable to conclude that Plaintiff's Amended Complaint states a plausible claim for relief. First, under *Bivens*, a plaintiff must show that the defendant violated a federal constitutional right of the plaintiff that was clearly established at the time of the challenged conduct. *Reichle v. Howards*, 132 S. Ct. 2088, 2093 (2012). Plaintiff failed to do so. Plaintiff claims that Defendants "unlawfully seized funds . . . without due process"; however, the facts derived from Plaintiff's exhibits indicate that

Defendants "seized" Plaintiff's social security benefits after notice, and under the authority of a federal statute, in order to pay an outstanding debt to a federal agency. 31 U.S.C. § 3716(3)(A)(i) ("Notwithstanding any other provision of law . . . except as provided in clause (ii), all payments due to an individual under – (I) the Social Security Act . . . shall be subject to offset under this section."). Plaintiff does not allege how this seizure violated his due process rights. *See, e.g., Creason v. City of Washington*, 435 F.3d 820, 824 (8th Cir. 2006).

Moreover, Plaintiff's allegations that the agencies conspired to violate constitutional law and that the officials failed to uphold their oaths of office are unsupported. Instead, the facts show that Defendants used the authority of a federal statute to seize Plaintiff's funds. Plaintiff does not allege that Defendants failed to comply with any certain provision of 31 U.S.C. § 3716. Thus, even if Defendants did violate Plaintiff's constitutional rights, they did not violate a right that was "clearly established." *See Lockhart v. United States*, 546 U.S. 142, 145, 126 S. Ct. 699, 701, 163 L. Ed. 2d 557 (2005); *Harrison v. U.S. Soc. Sec. Admin.*, No. 3:13-CV-435, 2014 WL 29042, at *1 (E.D. Va. Jan. 2, 2014). A government official's conduct violates "clearly established law" when "at the time of the challenged conduct, the contours of a right are sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2083 (2011) (internal quotations omitted). In other words, "existing precedent must have placed the statutory or constitutional question beyond debate." *Id.*

Second, under *Bivens*, a plaintiff must show that the defendant was personally involved in the alleged violation. *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995) ("Defendants are liable for their personal acts only."). For example, where a plaintiff alleged that a government official was deliberately indifferent to his medical needs but the

7

complaint failed to state that the defendant had any contact with plaintiff or any participation in the decisions affecting his medical needs, the Eighth Circuit held the complaint was insufficient to state a *Bivens* claim. *Id.* at 37-38. Here, Plaintiff alleges no facts that connect any of the individual defendants with the seizure of his funds or the underlying disputed debt.[5] Because a defendant can be liable only for his personal acts, Plaintiff fails to state a claim.

## DECISION

Based on the foregoing analysis, Defendant's Motion to Dismiss (Doc. 56) is **GRANTED**. Due to Plaintiff's pro se status, and because courts "freely give leave [to amend] when justice so requires," the Court will allow Plaintiff thirty days in which to file a Second Amended Complaint, if he so chooses.[6] Fed. R. Civ. P. 15(a)(2). In drafting his Second Amended Complaint, the Court refers Plaintiff to Federal Rules of Civil Procedure 8 and 10. If Plaintiff chooses to file an amended complaint, it should address the deficiencies stated in this Order, including but not limited to: the basis for the Court's jurisdiction, the specific law(s) under which the federal government waived sovereign immunity in this case, the factual circumstances surrounding the alleged unlawful seizure of funds, how the seizure violated due process, how the individual defendants were involved in the seizure, and all forms of relief requested.

---

[5] Plaintiff presented insufficient factual allegations as to the unnamed defendants to even allow discovery. *See Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995) ("an action may proceed against a party whose name is unknown if the complaint makes allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery.").

[6] Providing Plaintiff an opportunity to amend his complaint is not necessarily futile. Plaintiff's various motions appear to seek non-monetary relief, as well, which may provide a separate basis for the government's waiver of sovereign immunity. Furthermore, Plaintiff may include facts unknown to the Court at this time which could affect the Court's ability to infer wrongdoing on the part of Defendants.

Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss (Doc. 56) and **GRANTS PLAINTIFF LEAVE TO FILE A SECOND AMENDED COMPLAINT** within thirty (30) days of this Order.

**IT IS SO ORDERED**.

Dated: November 26, 2014                */s/ Douglas Harpool*
                                        DOUGLAS HARPOOL
                                        UNITED STATES DISTRICT JUDGE