IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| JEFFERY D. HACKWORTH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 6:13-cv-03363-MDH |
| | ) | |
| KANSAS CITY VETERANS | ) | |
| ADMINISTRATION MEDICAL CENTER, | ) | |
| et al. | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is the United States' Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 72), Plaintiff's Declaration and Demand for Summary Judgment (Doc. 70), and Plaintiff's Declaration and Demand to Rule Laws Unconstitutional (Doc. 71). The United States argues pro se Plaintiff's Second Amended Complaint fails to address the deficiencies of Plaintiff's Amended Complaint and therefore the Court should similarly dismiss Plaintiff's Second Amended Complaint for lack of subject matter jurisdiction and failure to state a claim. Alternatively, the government moves to stay the case pending further agency investigation into Plaintiff's claims. Plaintiff's motions, conversely, ask the Court to rule "laws that allow administrative government agencies to seize any property or money without a court order" are unconstitutional and to enter summary judgment in favor of Plaintiff because "[e]xhibits in the court record . . . shows proof that Plaintiff's Constitutional Rights were violated." The Court, after careful consideration, **GRANTS** Defendants' motion (Doc. 72) and **DENIES** Plaintiff's motions (Docs. 70-71). Plaintiff is permitted on last opportunity to cure the deficiencies stated within this Order and file a Third Amended Complaint.

## BACKGROUND

On November 1, 2013, the Court granted Plaintiff Jeffery D. Hackworth leave to proceed with the present case in forma pauperis and Plaintiff filed his Complaint. After filing numerous pre-service motions, Plaintiff submitted an Amended Complaint and obtained service upon Defendants in September of 2014. In response to the Amended Complaint, Defendants filed a motion to dismiss (Doc. 56), which the Court granted (Doc. 61). The Court held Plaintiff's Amended Complaint failed to allege how the federal government waived sovereign immunity such that Court has subject matter jurisdiction over Plaintiff's claims and further failed to provide sufficient factual allegations to state a claim upon which relief could be granted. The Court allowed Plaintiff the opportunity to file a Second Amended and ordered:

> In drafting his Second Amended Complaint, the Court refers Plaintiff to Federal Rules of Civil Procedure 8 and 10. If Plaintiff chooses to file an amended complaint, it should address the deficiencies stated in this Order, including but not limited to: the basis for the Court's jurisdiction, the specific law(s) under which the federal government waived sovereign immunity in this case, the factual circumstances surrounding the alleged unlawful seizure of funds, how the seizure violated due process, how the individual defendants were involved in the seizure, and all forms of relief requested.

(Doc. 61 at 8).

Plaintiff filed a Second Amended Complaint. The Second Amended Complaint attempts to state a claim against Kansas City Veterans Administration Medical Center ("KCVAMC") and the United States Department of Treasury,[1] citing 28 U.S.C. § 1367 for the Court's subject matter jurisdiction.[2] The Second Amended Complaint alleges that KCVAMC and the Department of Treasury "unlawfully seized funds out of [Plaintiff's] Social Security Disability

---

[1] Plaintiff removed from his Second Amended Complaint the various individual defendants listed in his Amended Complaint.

[2] Plaintiff also quotes *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 396 (1971), citing *Bell v. Hood* and providing that "where legal rights have been invaded, and a federal statute provides for a general right to sue for such invasion, federal courts may use any available remedy to make good the wrong done."

2

Case 6:13-cv-03363-MDH   Document 75   Filed 02/06/15   Page 2 of 15

payment" on or about September 3, 2013, October 3, 2013, April 3, 2014, and October 3, 2014. Plaintiff alleges that "Defendants use[d] an unconstitutional law 31 USC § 3716 to seize funds" and that the seizures were "without due process" violating the Fourth, Fifth, and Seventh Amendments of the United States Constitution.[3] Plaintiff alleges that he disputed the seizure of funds with KCVAMC and that the funds were seized "without telling plaintiff that arguments were over," without the opportunity to appeal, and without the opportunity to have the case heard in a judicial court. Plaintiff prays for relief in the sum of ten million dollars.[4]

Prior to Defendants' deadline for submitting a response to Plaintiff's Second Amended Complaint, the Court ordered Defendants to substantively respond to Plaintiff's various motions seeking preliminary relief (Doc. 65). Within Defendants' suggestions in opposition (Doc. 66), the government argued that Plaintiff's funds were legally seized under the Treasury's Offset Program ("TOP"), *see* 31 U.S.C. § 3716, in order to collect upon a delinquent debt owed by Plaintiff to the Department of Veterans Affairs ("VA"). Defendant attached an affidavit from a Department of Treasury employee, swearing that on June 12, 2013, the VA referred a debt owed by Jeffrey Hackworth to the Treasury; that the VA certified this debt was valid, delinquent, had no bars to collection, and the debtor had been provided requite due process; that the four offsets took place on September 3, 2013, October 3, 2013, April 3, 2014, and October 3, 2014 and totaled $278.48; and that the balance on Plaintiff's debt is currently zero and not subject to offset. The Court therefore denied Plaintiff's motions for preliminary relief (Doc. 73).

---

[3] Plaintiff also alleges that Defendants acted "criminally under Title 18 USC § 242."

[4] Plaintiff states that the ten million dollars includes "actual monetary damages, Compensatory damages, General damages, and Punitive damages." Plaintiff further details his alleged loss to include "actual money unlawfully seized; pain and suffering because of money seized; Plaintiff's time and money to research and file complaint, cost of mailing, fuel and other cost involved.[sic] Punitive damages against [Defendants] who are public servant agencies whose responsibility is to protect 'We the Peoples' Constitutional rights, these agencies failed to protect constitutional rights and chose to violate Plaintiff's Constitutional rights."

Based on the government's court-ordered response to Plaintiff's motions, Plaintiff filed a motion for summary judgment (Doc. 70) and a motion to declare law unconstitutional (Doc. 71). Plaintiff requests summary judgment because "[e]xhibits in the court records provided by [the government] shows proof that Plaintiff's Constitutional Rights were violated" and Defendants "present[] unconstitutional 'law', that violate Amendments 4, 5, and 7 of the U.S. Constitution and are not law."[5] Plaintiff concurrently filed a motion asking the Court to declare "laws that allow administrative government agencies to seize any property or money without a court order" unconstitutional. Plaintiff argues that such laws violate the Fourth, Fifth, and Seventh Amendment. Defendants did not respond to Plaintiff's motions.

However, in response to Plaintiff's Second Amended Complaint, Defendants filed a second motion to dismiss arguing lack of subject matter jurisdiction and failure to state a claim. (Doc. 72). Defendants argue that (1) supplemental jurisdiction under 28 U.S.C. § 1367 does not provide the Court subject matter jurisdiction in this case, (2) the Court lacks subject matter jurisdiction over Plaintiff's *Bivens* claim based on the doctrine of sovereign immunity,[6] (3) the Treasury's collection by offset of debts owed by Plaintiff to the VA was lawful, (4) even if Plaintiff did attempt to sue any VA or Treasury employees in this case, they are protected by qualified immunity, and (5) if the proceeding is permitted to survive dismissal, or if the Court allows Plaintiff to again amend his pleading, the action should be stayed pending further VA investigation into Plaintiff's debt referred for TOP collection. Plaintiff responded to Defendant's motion by reiterating the arguments made in his various motions (Docs. 70-71) and further

---

[5] Plaintiff did not cite or attach any specific exhibit nor did Plaintiff cite what subsection of what statute is at issue.

[6] Defendants also argue that if the Court were to liberally construe Plaintiff's Second Amended Complaint to assert a claim other than the *Bivens* claim asserted therein, it would not survive dismissal because it does not present a cognizable claim under the FTCA (constitutional tort claims not cognizable), the APA (applies only to claims that seek relief other than money damages), Big Tucker (not in Court of Federal Claims), or Little Tucker (in excess of $10,000).

4

arguing that jurisdiction is proper under 28 U.S.C. § 1331; that sovereign immunity is inapplicable to section 1983 claims and that the doctrine itself is unconstitutional; that the offset was not proper because the underlying debt was based on a clerical error; that qualified immunity is unconstitutional; and that the unconstitutional process by which Defendants seized his funds remains an issue regardless of what the VA finds through its investigation.

## ANALYSIS

Because the government argues that the Court lacks subject matter jurisdiction, the Court must address that issue first. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998). The Court finds that Plaintiff failed to adequately plead a waiver to the federal government's sovereign immunity such that the Court has subject matter jurisdiction. Nonetheless, liberally construing Plaintiff's Second Amended Complaint and motions, the Court finds that Plaintiff's allegations may assert a claim under the APA for "relief other than money damages." Nevertheless, even assuming Plaintiff's Second Amended Complaint provides a potential basis for waiver of the government's sovereign immunity, Plaintiff's claims fail to state a plausible claim for relief.

### I. Subject Matter Jurisdiction

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). Sovereign immunity is jurisdictional in nature and, as a prerequisite to suing the federal government or its agencies, a plaintiff must show that the government has consented to suit. *See United States v. Mitchell*, 463 U.S. 206, 212 (1983). The government's waiver of sovereign immunity must be "unequivocally expressed" and "strictly construed, in terms of its scope, in favor of the sovereign." *Lane v. Pena*, 518 U.S. 187, 192 (1996).

5

In the Court's previous order allowing Plaintiff to file an amended complaint (Doc. 61), the Court specifically ordered Plaintiff to plead the basis for the Court's subject matter jurisdiction and the specific law(s) under which the federal government waived sovereign immunity. Plaintiff's Second Amended Complaint cites only supplemental jurisdiction under 28 U.S.C. § 1367 and references *Bivens*. After Defendant argued supplemental jurisdiction is inapplicable, Plaintiff further cited 28 U.S.C. § 1331 for a jurisdictional basis. While Plaintiff eventually cites the correct basis for the Court's subject matter jurisdiction, section 1331,[7] Plaintiff fails to plead any relevant ground under which the Court waived its sovereign immunity. *See Sabhari v. Reno*, 197 F.3d 938, 943 (8th Cir. 1999) ("[I]f § 1331 is to be used to secure relief against the United States, it must be tied to some additional authority which waives the government's sovereign immunity.").

Plaintiff's reference to *Bivens* is inadequate to show that the federal government waived sovereign immunity in the case at hand. Here, Plaintiff brings suit against the Kansas City Veterans Administration Medical Center and the United States Department of Treasury for money damages in the amount of ten million dollars. As stated in the Court's prior order, *Bivens* does not waive sovereign immunity for suits against the United States or its agencies. *See, e.g., Buford v. Runyon*, 160 F.3d 1199, 1203 (8th Cir. 1998). The Supreme Court was presented with, and explicitly denied, such a request in *F.D.I.C. v. Meyer*, 510 U.S. 471, 485-86 (1994). Moreover, as the Eighth Circuit explained, "When Congress has created a comprehensive regulatory regime, the existence of a right to judicial review under the Administrative Procedure Act is sufficient to preclude a *Bivens* action." *Sinclair v. Hawke*, 314 F.3d 934, 940 (8th Cir.

---

[7] 28 U.S.C. § 1367 is appropriate only in civil actions in which "the district courts have original jurisdiction" and there are "other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy [.]" Thus, pleading supplemental jurisdiction without any basis for original jurisdiction is insufficient.

2003). Accordingly, Plaintiff failed to establish subject matter jurisdiction in the case at bar because Plaintiff failed to point to a specific, applicable waiver of the government's sovereign immunity. *See V S Ltd. P'ship v. Dep't of Hous. & Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000) (plaintiff bears burden of subject matter jurisdiction; in suits against the United States, this includes showing both waiver of sovereign immunity and grant of subject matter jurisdiction).

Instead, Plaintiff argues that the doctrine of sovereign immunity is unconstitutional. Not only did the Court previously reject this argument,[8] but the doctrine itself pre-dates the Constitution and has been consistently upheld by the Supreme Court of the United States. *See, e.g., United States v. Thompson*, 98 U.S. 486, 489 (1878); *United States v. Lee*, 106 U.S. 196, 204 (1882); *State of Kan. v. United States*, 204 U.S. 331, 341 (1907); *United States v. Shaw*, 309 U.S. 495, 501 (1940); *United States v. Sherwood*, 312 U.S. 584, 586 (1941); *United States v. Mitchell*, 463 U.S. 206, 212 (1983); *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994); *see generally* Charles Alan Wright et al., 14 Fed. Prac. & Proc. § 3654 (3d ed.) ("The foregoing discussion suggesting that there was a liberalizing trend in the judicial application of the sovereign immunity doctrine for a number of years should not obscure the fact that there always has been a requirement that there must be an express statutory waiver of the government's immunity."). Plaintiff's argument is futile.

Accordingly, Plaintiff fails to adequately plead the Court's subject matter jurisdiction. Due to Plaintiff's pro se status, however, the Court finds it appropriate to consider whether Plaintiff's Second Amended Complaint provides any plausible basis upon which a waiver of sovereign immunity exists. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (explaining pro se documents are to be liberally construed and pro se complaints should be "held to less stringent standards than formal pleadings drafted by lawyers"); *see also Philippi v. Brellenthin*, No. CIV.

---

[8] *See* Doc. 61 at 3, n. 1.

7

Case 6:13-cv-03363-MDH   Document 75   Filed 02/06/15   Page 7 of 15

11-2389 JRT/LIB, 2012 WL 947016, at *2 (D. Minn. Jan. 26, 2012); *Harris v. Roloff Const., Co.*, No. 8:14CV199, 2014 WL 4656115, at *2 (D. Neb. Sept. 15, 2014); *Newberry v. United States*, No. LR-C-86-13, 1986 WL 9460, at *2 (E.D. Ark. June 4, 1986).[9]

As stated in the Court's prior order, and as echoed in Defendants' motion to dismiss, Plaintiff fails to assert a cognizable claim under the Federal Tort Claims Act, the Tucker Act, or the Little Tucker Act such that those statutes provide a basis to waive the government's sovereign immunity. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 478 (1994) (explaining constitutional tort claims are not cognizable under FTCA); 28 U.S.C. § 1491 (must be pursued in Court of Federal Claims); 28 U.S.C. § 1346 (must seek damages less than $10,000). Furthermore, while the Administrative Procedure Act ("APA") allows persons "suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute," to sue federal agencies, the plaintiff must be "seeking relief other than money damages." *See* 5 U.S.C. § 702. Here, the Court ordered Plaintiff to include in his Second Amended Complaint "all forms of relief requested" and Plaintiff demanded only monetary relief in the sum of ten million dollars. Thus, Plaintiff's Second Amended Complaint fails to explicitly plead a sufficient ground upon which the government waived its sovereign immunity. *See also Harrison v. U.S. Soc. Sec. Admin.*, No. 3:13-CV-435, 2014 WL 29042, at *1 (E.D. Va. Jan. 2, 2014).

---

[9] Many courts agree with this approach. *See, e.g., Manners v. U.S. Gov't Sec'y of Def.*, 242 F. App'x 723, 725 (2d Cir. 2007); *McMillan v. Dep't of Interior*, 907 F. Supp. 322, 326 (D. Nev. 1995) *aff'd sub nom. McMillan v. U.S. Dep't of Interior*, 87 F.3d 1320 (9th Cir. 1996); *Miller v. Smith*, 952 F. Supp. 2d 275, 284 (D.D.C. 2013); *James v. Jacksonville Bulk Mail Ctr.*, No. 3:06-CV-1120-J-34JRK, 2009 WL 2901197, at *3 (M.D. Fla. Sept. 4, 2009); *Schroeder v. Dep't of Veterans Affairs*, No. 3:08CV351MRK, 2009 WL 1531953, at *1 (D. Conn. June 1, 2009); *Farag v. DTRA*, No. 07 C 1688, 2007 WL 2404625, at *3 (N.D. Ill. Aug. 15, 2007). However, not all courts liberally construe pro se complaints to find waivers of sovereign immunity not specifically plead. *See Stebbins v. United States*, 105 Fed. Cl. 81, 83-84 (2012) ("Although complaints filed by pro se plaintiffs are generally held to 'less stringent standards than formal pleadings drafted by lawyers,' pro se plaintiffs nevertheless must meet jurisdictional requirements." (internal citations omitted)); *see also Sanders v. U.S. Cong.*, 399 F. Supp. 2d 1021, 1025 (E.D. Mo. 2005); *Sailer v. Dep't of U.S. Army*, No. A1-04-53, 2004 WL 1490365, at *2 (D.N.D. July 1, 2004).

Nonetheless, liberally construing Plaintiff's Second Amended Complaint and pending motions, the Court finds that Plaintiff makes allegations that seek relief under the APA in two potential ways. First, Plaintiff alleges that 31 U.S.C. § 3716 is unconstitutional and he filed with the Court a motion seeking to declare the TOP unconstitutional under the Fourth, Fifth, and Seventh Amendments. Based on these allegations and Plaintiff's request for relief, it is plausible to construe Plaintiff's filings to assert a constitutional claim against the government agencies seeking a declaratory judgment that the agencies' actions violated the Fourth, Fifth, and Seventh Amendments. Such allegations satisfy the government's consent to suit under the APA. *See, e.g., Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1238-39 (10th Cir. 2005).

Second, Plaintiff alleges that the offset of his benefits was "unlawful" because he disputed the seizure with KCVAMC and the offset occurred without him being advised "that arguments were over," without a hearing, and without an opportunity to appeal. Plaintiff's suggestions in opposition further allege that the underlying debt arose from a clerical error. The Court finds that, based upon these allegations, that Plaintiff attempts to set out a claim alleging Defendants failed to comply with statutory procedural requirements under 31 U.S.C. § 3716. Although the Second Amended Complaint seeks only monetary relief, it seeks in part compensation for the loss of "actual money unlawfully seized." The Supreme Court indicated that such monetary relief – in the form of reimbursement – can qualify as equitable relief rather than "money damages" under the APA. *Bowen v. Massachusetts*, 487 U.S. 879, 893-94 (1988); *see also Dep't of Army v. Blue Fox, Inc.*, 525 U.S. 255, 262 (1999) (explaining "damages" are given to plaintiff to substitute for a loss whereas "specific remedies" are attempting to give plaintiff the very thing to which they are entitled). To the extent that Plaintiff sets out a claim alleging Defendants failed to follow appropriate statutory procedures and Plaintiff seeks

9

reimbursement of the $278.48 in funds actually seized, the government has waived sovereign immunity for such suits. *See, e.g., Zellous v. Broadhead Associates*, 906 F.2d 94 (3d Cir. 1990).

Even with the Court's liberal construction of Plaintiff's Second Amended Complaint to find a potential basis for the Court's subject matter jurisdiction, Plaintiff's allegations nonetheless fail to state a claim upon which relief can be granted.

## II. Failure to State a Claim

"To survive a motion to dismiss [under 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is facially plausible where its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plaintiff must plead facts that show more than a mere speculation or possibility that the defendant acted unlawfully. *Id.*; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While the Court accepts the complaint's factual allegations as true, it is not required to accept the plaintiff's legal conclusions. *Ashcroft*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* While "pro se complaints are to be construed liberally," the Court "will not supply additional facts, nor will [it] construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004), *quoting Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Here, the Court has liberally construed Plaintiff's claims to allege: (1) the TOP is unconstitutional because it violates the Fourth, Fifth, and Seventh Amendments; and/or (2) Plaintiff's money was illegally seized by Defendants because Defendants failed to comply with statutory procedures required under the TOP. The TOP statute allegedly used to seize Plaintiff's

funds in this case is codified at 31 U.S.C. § 3716 and integrates federal regulations promulgated by a variety of agencies, including the Department of Treasury, 31 C.F.R. § 901.3 *et seq.*, and the Department of Veteran's Affairs, 38 C.F.R. § 1.912.

### A. Claim that TOP is Unconstitutional

Plaintiff's claim that the TOP violates the Constitution is unfounded and has no basis in the law. In fact, one court described a similar claim as "insubstantial and frivolous" based on Supreme Court precedent. *See Champion v. U.S. Gov't Dep't of Treasury*, No. 6:09-CV-574, 2010 WL 5600205, at *2 (E.D. Tex. Dec. 29, 2010) (adopted 2011 WL 167031 (E.D. Tex. Jan. 18, 2011)), *aff'd sub nom. Champion v. U.S. Gov't, Treasury Dep't*, 430 F. App'x 314 (5th Cir. 2011). In 2005, the Supreme Court upheld the use of the TOP program to offset Social Security payments. *See Lockhart v. United States*, 546 U.S. 142, 145 (2005).

Based upon the TOP's extensive regulatory framework and the procedural safeguards provided by the statute and accompanying regulations,[10] every decision reviewed by this Court considering the issue presented has found that the TOP statute satisfies procedural due process under the Fifth Amendment.[11] Likewise, it is implausible to conclude that a "seizure" of certain

---

[10] The statute mandates that the creditor agency provide to the debtor: written notice of the debt and the government's intent to collect, an opportunity to view and copy records, an opportunity to request a review of the debt and in some cases an oral hearing, and an opportunity to enter into an agreement to re-pay the debt some other way.

[11] *Omegbu v. U.S. Dep't of Treasury*, 118 F. App'x 989, 991 (7th Cir. 2004); *Shlikas v. U.S. Dep't of Educ.*, No. CIV. WDQ-09-2806, 2013 WL 2149752, at *6 (D. Md. May 15, 2013) ("Compliance with TOP statutes and regulations governing offsets satisfies procedural due process."), *aff'd sub nom. Shlikas v. SLM Corp.*, 546 F. App'x 290 (4th Cir. 2013); *United States v. Beulke*, 892 F. Supp. 2d 1176, 1187 (D.S.D. 2012) ("The extensive regulatory framework governing the TOP provide ample guidance for federal agencies to refer debtors to the TOP, protect a debtor's due process, and offset their disbursements to satisfy their debt such that a court order is not required."); *United States v. Lessard*, No. 11-40020-02-JTM, 2013 WL 243651, at *2 (D. Kan. Jan. 22, 2013) (quoting *United States v. Mayer*, No. 04-CR-100-1-SM, 2010 WL 4916561, at *1 (D.N.H. Dec. 3, 2010) ("The TOP is plainly an administrative practice and procedure under federal law that, by its terms, is available as a means to collect debts owed the United States. The procedure is established by statute and administered under implementing regulations, which provide due process to debtors against whom offset is sought."); *see also Glinsey v. United States*, No. 2:98CR010-GHD, 2011 WL 2963669, at *2 (N.D. Miss. July 20, 2011); *Cahill v. United States*, No. 1:CV-13-1129, 2014 WL 2471234, at *6 (M.D. Pa. May 29, 2014); *Stover v. Illinois Student Assistance Comm'n*, No. 04-1298, 2005 WL 3597743, at *9 (C.D. Ill. Apr. 21, 2005).

benefit disbursements pursuant to a federal statute providing due process prior to such "seizure" would be considered "unreasonable" under the Fourth Amendment.[12] Moreover, the Seventh Amendment preserves only the right to a jury trial as it existed under the common law at the time the amendment when enacted; it "does not apply where the proceeding is not in the nature of a suit at common law." *N.L.R.B. v. Jones & Laughlin Steel Corp.*, 301 U.S. 1, 48 (1937). Courts are clear that administrative proceedings are distinct from "the nature of suits as they existed at common law" and Courts hold that entrusting enforcement of such actions to administrative agencies does not violate the Seventh Amendment.[13]

## B.  Claim that Government Violated TOP

---

The Court notes that Due Process guaranteed by the Fifth Amendment requires notice and an opportunity to be heard; an "opportunity to be heard" does not always include an oral hearing. *See Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *Mathews v. Eldridge,* 424 U.S. 319 (1976).

[12] *Maryland v. King*, 133 S. Ct. 1958, 1969 (2013) ("the ultimate measure of the constitutionality of a governmental search is 'reasonableness.' 'In some circumstances . . . the Court has found that certain general, or individual, circumstances may render a warrantless search or seizure reasonable.' . . . Those circumstances diminish the need for a warrant, either because 'the public interest is such that neither a warrant nor probable cause is required,' or because an individual is already on notice . . . ." (internal citations omitted)).

Here, based on substantial government need to have its debts repaid, the need to seize funds without a warrant in order to effectuate the regulatory scheme, the limited amount of intrusion on the debtor, and the notice to plaintiff and opportunity to contest the seizure prior to its occurrence, it is impossible to infer that "seizing" a debtor's "property" here without a court order constitutes wrongdoing. *See New York v. Burger,* 482 U.S. 691, 702 (1987); *see also United States v. Delgado*, No. 06-CR-0636-H, 2007 WL 173890, at *2 (S.D. Cal. Jan. 5, 2007) aff'd, 545 F.3d 1195 (9th Cir. 2008) ("Persons engaging in pervasively regulated industries have a diminished expectation of privacy. An administrative search or seizure made pursuant to a statute authorizing such searches and seizures will be deemed reasonable for Fourth Amendment purposes . . . if the business is closely regulated and if three Burger criteria are met." (internal quotations and citations omitted)).

[13] *Atlas Roofing Co. v. Occupational Safety & Health Review Comm'n*, 430 U.S. 442, 460-61 (1977) ("Thus, history and our cases support the proposition that the right to a jury trial turns not solely on the nature of the issue to be resolved but also on the forum in which it is to be resolved."); *Curtis v. Loether*, 415 U.S. 189, 194 (1974) ("*Jones & Laughlin* merely stands for the proposition that the Seventh Amendment is generally inapplicable in administrative proceedings, where jury trials would be incompatible with the whole concept of administrative adjudication8 and would substantially interfere with the NLRB's role in the statutory scheme."); *Myron v. Hauser*, 673 F.2d 994, 1003 (8th Cir. 1982) (noting a distinction between "statutory or administrative proceedings and suits at common law or proceedings in the nature of suits at common law" and holding a comprehensive statutory scheme adopted by Congress and entrusting enforcement to administrative agency did not violate Seventh Amendment).

12

Plaintiff alleges that the underlying debt in this matter was based upon a clerical mistake and that he disputed that debt with KCVAMC but the funds were seized "without telling Plaintiff that arguments were over." Based upon the statutory text of 31 U.S.C. § 3716, Plaintiff fails to plead sufficient facts to allow the Court to draw a reasonable inference that Defendants are liable for the misconduct alleged. *See Salazar v. Omaha VA Med. Ctr.*, No. 8:14CV304, 2015 WL 224643, at *2 (D. Neb. Jan. 15, 2015).

For example, under the statute and relevant regulations, Plaintiff was required to dispute the debt with KCVAMC within thirty days of the date that VA provided notice pursuant to 38 C.F.R. § 1.912(b). Here, Plaintiff failed to plead when or how he disputed the debt. As another example, under the regulations, the creditor agency must await commencement of the offset until any timely-filed dispute by the debtor has been reviewed and "a decision is rendered by VA adverse to the debtor" and/or if the debtor appropriately requests a hearing, "a decision is rendered by the VA on the issue which is the basis of the hearing." 38 C.F.R. § 1.912(c). Plaintiff did not indicate whether he received a response from KCVAMC or the VA concerning his alleged dispute. Moreover, Plaintiff failed to cite the specific part of the statute or regulation(s) that he claims Defendants violated.

While "pro se complaints are to be construed liberally," the Court "will not supply additional facts, nor will [it] construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). Here, even assuming an appropriate basis for waiver of sovereign immunity exists, Plaintiff's claim that the TOP is unconstitutional is fundamentally unsupported by the law, and his claim that Defendants violated TOP procedures fails as unsupported by sufficient facts to infer wrongdoing.

**DECISION**

Based on the foregoing analysis, Defendant's Motion to Dismiss (Doc. 72) is **GRANTED** and Plaintiff's motions (Docs. 70-71) are **DENIED**. Because Plaintiff is filing this matter pro se and because the Court cannot conclude with clarity that "no relief could be granted under any set of facts that could be proved consistent with the allegations," *see Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002), the Court will allow Plaintiff one last opportunity to file a Third Amended Complaint in order to address the deficiencies stated herein. Plaintiff shall not re-plead any claims rejected by the Court in this Order, nor shall Plaintiff re-plead claims rejected by the Court's previous orders.

If Plaintiff chooses to file a Third Amended Complaint, Plaintiff must do so within fourteen (14) days of the date of this Order. Any Third Amended Complaint filed by Plaintiff shall focus solely on Plaintiff's allegations that Defendants violated the procedures provided in the TOP and shall specifically state the factual basis for such claims with as much detail as possible, including but not limited to: a description of the date and circumstances surrounding the underlying debt, the date(s) and content(s) of all notices provided to Plaintiff by KCVAMC or the VA, the date(s) and content(s) of all responses provided by Plaintiff to KCVAMC or the VA, a description of the alleged clerical error, and the specific statutory procedure that Plaintiff claims Defendants violated and how so. Additionally, Plaintiff shall incorporate the appropriate jurisdictional basis for his claim, the appropriate waiver of sovereign immunity, and the appropriate relief as stated herein. Any failure to comply with this Order will result in the Court dismissing Plaintiff's Third Amended Complaint.

Defendants shall respond to any Third Amended Complaint filed by Plaintiff within twenty-one (21) days of service of the same. In the meantime, Defendant KCVAMC shall have

the opportunity to further investigate Plaintiff's claims.  If Defendant requires additional time to investigate, Defendant may move for an extension of time at the appropriate juncture.

**IT IS SO ORDERED**.

Dated: February 6, 2015                    */s/ Douglas Harpool*
                                           **DOUGLAS HARPOOL**
                                           **UNITED STATES DISTRICT JUDGE**